UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA,       :
      :
    v.      :      **MEMORANDUM & ORDER**
      :      19-CR-43 (WFK)
YASSER ANDRE PLATT,      :
      :
      Defendant.      :
--------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On February 7, 2020, Yasser Andre Platt ("Defendant") pled guilty to Counts One and Two of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to a sentence under the United States Sentencing Guidelines of time served and a $200 mandatory special assessment.

## BACKGROUND

On January 29, 2019, the Government filed a two-count Indictment against Defendant, charging him with: (1) importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii); and (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). Indictment, ECF No. 5. On February 7, 2020, Defendant pled guilty to both counts of the Indictment. ECF No. 26.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C.

§ 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing or

varying "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y.

Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to

consider in determining what sentence to impose on a criminal defendant.  The Court addresses

each in turn.

## II.   Analysis

### A.  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of

the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

Defendant was born on June 3, 1979 in Manchester, Jamaica to the marital union of Uzal

Platt and Gwendolyn Platt.  Presentence Investigation Report ¶ 25, ECF No. 32 ("PSR").  His

parents reside together in Jamaica.  *Id.*  His father is a retired farmer and suffers from high blood

pressure, but otherwise enjoys good health.  *Id.*  His mother is a retired teacher, has recently been

recovering from dengue fever, and is also a diabetic.  *Id.*  Defendant's parents are aware of his

arrest and conviction and remain supportive of him.  *Id.*

Defendant was reared by both parents under middle-economic circumstances.  *Id.* ¶ 28.

He recalled having a "normal" childhood devoid of any forms of abuse.  *Id.*  Defendant has one

full sibling, who resides with their parents in Jamaica, along with her romantic partner and their

two children.  *Id.* ¶ 27.  She is employed as a teacher and enjoys good health.  *Id.*  Defendant has

one paternal half-brother who died on March 25, 2020 at the age of 72. *Id.* ¶ 26. Prior to

Defendant's arrest, Defendant was the primary caretaker for his half-brother, as he suffered from

schizophrenia and unspecified prostate issues. *Id.* Defendant has one maternal half-sibling who

resides in Houston, Texas, is single with no children, is employed as a nursing aide, and enjoys

good health. *Id.* ¶ 27. Defendant enjoys good relationships with both of his living siblings, both

of whom are aware of his arrest and conviction and remain supportive of him. *Id.*

On July 9, 2007, Defendant married Dacian McLean-Platt in Manchester, Jamaica. *Id.*

¶ 29. The couple separated in 2010 as a result of their infidelities. *Id.* However, they are not

legally separated and do not intend to officially divorce because it is against their religion. *Id.*

Defendant and Ms. McLean-Platt maintain an amicable relationship and co-parent their two

children, both of whom are students and in good health. *Id.* Prior to his arrest, Defendant's

children had been residing with him full time. *Id.* Since his arrest, Defendant's children have

been temporarily residing with his parents. *Id.* Ms. McLean-Platt and the two children are

aware of Defendant's arrest and conviction and remain supportive of him. *Id.*

Defendant is essentially in good health. *Id.* ¶ 33. He reportedly has been suffering from

chronic eczema since he was a young child and Defendant is worried about the condition. *Id.*

He also reports suffering from pain flare ups several times per year stemming from a back injury

he suffered in approximately 2012. *Id.* ¶ 34. With respect to his mental health, Defendant

reports suffering from stress, anxiety, and depression due to not being able to be home with his

family. *Id.* ¶ 35.

From 2004 until his arrest, Defendant was self-employed purchasing and reselling used

or repossessed motor vehicles. *Id.* ¶ 38. Beginning in 2012, he also worked as a freelance

paralegal to earn additional income. *Id.* He expects to return to these positions upon his return

to Jamaica.  *Id.*  In 2010, Defendant and a business partner invested in and opened a security

system business, which provided services such as installing camera and automated gate systems

at residential and commercial locations.  *Id.* ¶ 39.  Defendant also previously held jobs as a high

school science teacher for approximately six years and a clerical worker.  *Id.* ¶ 40.

On January 18, 2019, Defendant arrived at John F. Kennedy International Airport aboard

a flight from Kingston, Jamaica.  *Id.* ¶ 3.  Defendant was selected for random inspection by

officers with the United States Customs.  *Id.*  Defendant presented one personal carry-on bag,

which contained several plastic bags containing LASCO powder soy food product.  *Id.*  The

officer determined the powdered food product was suspicious based on the color of the powder

and its smell.  *Id.*  The contents of the powder were field tested and tested positive for the

presence of cocaine.  *Id.*  The net weight of the cocaine possessed by Defendant was 843.1

grams.  *Id.*

### B.  The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence

imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner."  18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes

Defendant accordingly.  It seeks to deter Defendant from further criminal activity, from

disregarding U.S. law, and from engaging in illicit activity.

**C.  The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available"

for Defendant.  18 U.S.C. § 3553(a)(3).

Defendant pled guilty to both counts of the Indictment.  ECF No. 26.  The sentencing

parameters are identical for Counts One and Two.  By statute, Defendant faces a maximum term

of imprisonment of forty years.  21 U.S.C. §§ 841(b)(1)(B), 960(b)(2).  The statutes impose a

minimum term of supervised release of four years, *id.* §§ 841(b)(1)(B), 960(b)(2), but because

Defendant meets the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5), the Court shall impose a

sentence without regard to any statutory minimum sentence, 18 U.S.C. § 3553(f).  Defendant is

statutorily ineligible for probation.  21 U.S.C. §§ 841(b)(1)(B), 960(b)(2).  Defendant also faces

a maximum fine of $5,000,000.00, 21 U.S.C. §§ 841(b)(1)(B), 960(b)(2), and a mandatory

special assessment of $200.00 ($100.00 per count), 18 U.S.C § 3013.

**D.  The Kinds of Sentence and the Sentencing Range Established for
    Defendant's Offenses**

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the

sentencing range established for . . . the applicable category of offense committed by the

applicable category of defendant as set forth in the guidelines[.]"  *Id*. § 3553(a)(4)(A).

For a violation of 21 U.S.C. §§ 841(a)(1) and 952(a),[1] the applicable Guideline is section

2D1.1, which determines the base offense level based on the Drug Quantity Table set forth in

section 2D1.1(c).  United States Sentencing Commission, Guidelines Manual ("USSG")

§ 2D1.1(a)(5).  Defendant is responsible for 843.1 grams of cocaine, and therefore the base

offense level is 24.  *Id.* § 2D1.1(c)(8).  A two-level "safety-valve" reduction is warranted

---

[1] Pursuant to USSG § 3D1.2(d), Counts One and Two are grouped together for Guidelines calculation purposes.

because Defendant meets the criteria set forth in USSG § 5C1.2(a)(1)–(5).  *Id.* § 2D1.1(b)(18); PSR ¶ 9; Gov't Sentencing Mem. at 2, ECF No. 36 ("Gov't Mem.").  Further, because Defendant was a minimal participant in the offense, the offense level is reduced by four levels.  USSG § 3B1.2(a).

Defendant has clearly demonstrated acceptance of responsibility for the offense.  Accordingly, the offense level is decreased by two levels.  *Id.* § 3E1.1(a).  Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level.  *Id.* § 3E1.1(b).  This calculation yields a total offense level of 15.  However, pursuant to USSG § 5C1.2(b), Defendant's offense level cannot be less than 17.

Probation and the Government agree with this calculation.  Addendum to PSR ¶ 17, ECF No. 33; Gov't Mem. at 2.  Defendant argues the Court should disregard USSG § 5C1.2(b) because it effectively denies Defendant his two-level safety-valve reduction pursuant to USSG § 2D1.1(b)(18).  Def. Sentencing Mem. at 1–2, ECF No. 34 ("Def. Mem.").  All parties agree Defendant falls into criminal history category I.  PSR ¶ 20; Gov't Mem. at 2; Def. Mem. at 1.

A total offense level of 17 and a criminal history category of one (I) yields a Guidelines term of imprisonment range of 24 to 30 months.  USSG Ch. 5, Part A.  A total offense level of 15 and a criminal history category of one (I) yields a Guidelines term of imprisonment range of 18 to 24 months.  *Id.*  The Guidelines further recommend a maximum term of supervised release between two and five years, *id.* § 5D1.2(a)(1), and a fine of between $10,000.00 and $5,000,000.00, *id.* § 5E1.2(c)(3), (4).  The Guidelines advise Defendant is ineligible for probation.  *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 24 months in custody on each count, to run concurrently.  *See* Revised U.S. Probation Dep't Sentence Recommendation at 1, ECF No. 33-1. The Government requests a sentence within the Guidelines range of 24 to 30 months.  Gov't Mem. at 1, 3.  Defense counsel requests a sentence of time served.  Def. Mem. at 1, 7.

### E.  Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission."  18 U.S.C. § 3553(a)(5).  This factor is not relevant to Defendant's sentencing.

### F.  The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G.  The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(7).  This factor is not relevant to Defendant's sentencing.

### <u>CONCLUSION</u>

A variance sentence under the USSG of time served and a $200 mandatory special assessment is appropriate and comports with the dictates of § 3553.  This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and any addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  December 4, 2020
          Brooklyn, New York